BASIC PRODUCTS CORPORATION, Respondent, v. DEPARTMENT OF TAXATION, Appellant.

*February 4—March 5, 1963.*

For the appellant the cause was argued by *E. Weston Wood*, assistant attorney general, with whom on the briefs were *John W. Reynolds*, attorney general, and *Harold H. Persons*, assistant attorney general.

For the respondent there was a brief by *William J. Willis* and *Foley, Sammond & Lardner*, all of Milwaukee, and oral argument by *Mr. Willis*.

GORDON, J.    The question which we must resolve in this case may be stated as follows: When a publicly held corpo-

ration borrows money for the purpose of retiring an entire issue of its preferred stock, is the corporation's payment of interest on such money to be considered ordinary and necessary expenses in the operation of the business of the corporation from which its income is derived, so as to be deductible for Wisconsin income-tax purposes under the provisions of sec. 71.04 (2), Stats.?

The department rule (6 Wis. Adm. Code, sec. Tax 3.20) was adopted by the Department of Taxation as its interpretation of the court's holding in *Wisconsin Ornamental Iron & Bronze Co. v. Wisconsin Tax Comm.* (1930), 202 Wis. 355, 229 N. W. 646, 233 N. W. 72. As applied to the *Wisconsin Ornamental Case,* the department rule is appropriate; however, the rule goes considerably further than the statute, and, in our opinion, goes too far when applied to the instant case. An administrative rule, even of long duration, may not stand at variance with an unambiguous statute. *State ex rel. Irany v. Milwaukee County Civil Service Comm.* (1962), 18 Wis. (2d) 132, 135, 118 N. W. (2d) 137; *Plain v. Harder* (1955), 268 Wis. 507, 68 N. W. (2d) 47. In the latter case, at page 511, this court said:

"The rule-making power does not extend beyond the power to carry into effect the purpose as expressed in the enactment of the legislature. 'A rule out of harmony with the statute is a mere nullity.' "

The department rule was upheld in *Pelton Steel Casting Co. v. Department of Taxation* (1954), 268 Wis. 271, 276, 67 N. W. (2d) 294, which case was very similar to the *Wisconsin Ornamental Case.* In both cases interest was paid on money used to purchase the corporation's own shares, but the purpose in each case was to realign the interests of certain individual stockholders.

In the *Wisconsin Ornamental Case* interest was paid by the corporation on the deferred portion of the purchase price

under a contract made by the corporation with a single stockholder. This prompted the supreme court to observe, at page 363:

"The purchase of this stock on the part of the corporation was but a mere readjustment of its internal affairs, bearing no relation whatever to its activities giving rise to income."

Similarly, in the *Pelton Steel Case* the corporation borrowed money to purchase the common stock held by two shareholders with the result that a third shareholder would remain the owner of all the common stock of the corporation. The court found that the *Wisconsin Ornamental Case* was directly in point, adding, at page 276:

"The rule is based on the obvious difference between a corporation borrowing money to buy material or to finance operating expenses and borrowing money to centralize control of the corporation for the direct benefit of an individual or certain individuals, . . ."

If interpreted in the light of the *Wisconsin Ornamental Case* and the *Pelton Steel Case* and limited to comparable factual situations, the department rule is valid. In other words, if interpreted to preclude the deduction of interest paid on money borrowed by a corporation to purchase its own capital stock for the purpose of readjusting the ownership interest of specific individuals, it is a rule consistent with the statute.

In the case at bar, however, we are confronted with a different situation. The stock of the corporation in question is publicly held. Also, the entire outstanding issue of preferred stock was retired by the corporation, and there is no suggestion in the record that individual shareholders or a special group thereof were favored by the transaction. On the contrary, the motivation for the transaction was to improve the status of the body corporate. It is our conclusion

that the department rule may not apply when the interest is paid on money borrowed under the circumstances of the case at bar.

The issuance of the preferred stock in question created equity capital, as opposed to a debt. This is true even though preferred stock may have many of the characteristics of a subordinated debenture. Nevertheless, the retirement of the preferred stock did not relieve the corporation of an "indebtedness." However, it can be argued that the retirement of the preferred stock resulted only in a readjustment of ownership rights. Such analysis ignores the significant role played by a corporation's financial structure in connection with the corporation's overall well-being. In a very real sense the realignment of a corporation's financial structure can play a role "in the operation of the business from which its income is derived."

In the instant case, the readjustments were not made for private purposes as they so obviously were in the *Wisconsin Ornamental Case* and the *Pelton Steel Case.* The taxpayer in this case revised its stock structure for the purpose of strengthening the corporation and thereby better enabling it to produce income. The learned trial judge reflected this view when he stated:

". . . it is apparent that it may be in the business interests of the corporation to adjust its financial structure to retire such preferred stock just as soon as it can refinance through a bond issue with a resultant reduction in the cost of money and, in fact, tax savings, particularly federal tax savings."

Whether the retirement of the preferred stock actually proved to be financially profitable is not a controlling consideration. The view of the taxing authorities is not to be substituted for the judgment of the corporate management. In realigning the corporate stock interests for the benefit of *all* the common stockholders, the corporation was pursuing a valid and regular business purpose; in the absence of a

showing that this was done for the benefit of a few as opposed to the benefit of the corporation, we consider that interest paid in the course thereof is deductible within the statute. This is particularly true as to a publicly owned corporation. In a closely held corporation it is more difficult to demonstrate that the readjustment of stock holdings is in the interest of the corporation. Any suggestion of manipulation is nonexistent in the instant case, and the deduction must be allowed.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.