EDWARD E. ESTKOWSKI, Chairman, Department of Industry, Labor andHuman Relations *Page 44 
You have requested my opinion whether a proposed rule which would prohibit the Department or any of its agents or employees from making public, prior to the time an adjudicatory hearing actually takes place, any of the information obtained by the Department acting pursuant to its authority under sec. 111.36, Stats., would be in violation of the anti-secrecy law, sec. 66.77, Stats. (renumbered from sec. 14.90, Stats., by ch. 276, s. 62, Laws of 1969), or sec. 19.21, Stats, (renumbered from sec. 18.01, Stats., by ch. 259, s. 6, Laws of 1969) relating to the right of the public to examine and copy records and documents in possession of a public officer.
Your department is charged with the administration of the Wisconsin Fair Employment Practice Act, secs. 111.31-111.37, Stats.
Section 111.325, Stats., makes it unlawful for any employer, labor organization, licensing agency or person to discriminate against any employe or any applicant for employment or licensing. Discrimination is defined in sec. 111.32 (5), Stats., to include discrimination based on age, race, color, handicap, sex, creed, national origin or ancestry.
Section 111.33, Stats., provides that the Department may adopt rules and regulations to carry out the subchapter and may conduct proceedings, hearings, investigations or inquiries.
Section 111.35, Stats., provides that the Department shall investigate the existence, causes and character of discrimination; study ways of elimination and plan therefor; publish and disseminate reports embodying its findings and results of investigations and findings; confer and educate; make specific and detailed recommendations to the interested parties and report its recommendations to the legislature.
Section 111.36, Stats., is concerned with the powers of the Department to "receive and investigate complaints charging discrimination or discriminatory practices in particular cases, and give publicity to itsfindings with respect thereto."
Subsections (2) and (3) of sec. 111.36, Stats., as amended by ch. 276, s. 584, Laws of 1969, provide: *Page 45 
"(2) In carrying out the provisions of this subchapter the department and its duly authorized agents are empowered to hold hearings, subpoena witnesses, take testimony and make investigations in the manner provided in chapter 101. The department or its duly authorized agents may privilege witnesses testifying before them under the provisions of this subchapter against self-incrimination.
"(3) If the department finds probable cause to believe that any discrimination as defined in this subchapter has been or is being committed, it shall immediately endeavor to eliminate the practice by conference, conciliation or persuasion. In case of failure so to eliminate the discrimination, the department shall issue and serve a written notice of hearing, specifying the nature of the discrimination which appears to have been committed, and requiring the person named, hereinafter called the `respondent' to answer the complaint at a hearing before the department. The notice shall specify a time of hearing not less than 10 days after service of the complaint, and a place of hearing within either the county of the respondent's residence or the county in which the discrimination appears to have occurred. The testimony at the hearing shall be taken down by a reported appointed by the department. If, after hearing, the department finds that the respondent has engaged in discrimination, the department shall make written findings and recommend such action by the respondent as will effectuate the purpose of this subchapter and shall serve a certified copy of the findings and recommendations on the respondent together with an order requiring the respondent to comply with the recommendations, the order to have the same force as other orders of the department and be enforced as provided in ch. 101. Any person aggrieved by noncompliance with the older shall be entitled to have the same enforced specifically by suit in equity. If the department finds that the respondent has not engaged in discrimination as alleged in the complaint, it shall serve a certified copy of its findings on the complainant together with an order dismissing the complaint."
It is clear from a reading of the statute that even where formal complaint is made the Department is not confined to conducting investigations by formal hearing. The statute *Page 46 
provides that the Department may rely on the provisions of ch. 101 relating to hearings, subpoena, testimony and investigations. Subsection (3) provides that the Department shall "find" probable cause that discrimination has or is being committed before the adjudicatory hearing on notice referred to in (3) is held. Prior to scheduling such hearing on notice, the Department has a duty to endeavor to eliminate the practice by conference, conciliation or persuasion.
To implement this statute the Department has adopted administrative rules, IND. 88.01-88.50.
Rule IND. 88.02 provides that the complaint be in writing, signed and sworn to before a notary public and filed. IND. 88.02 (7) provides that, at the time of filing, the Department shall promptly, and prior to the commencement of the investigation, serve a copy on the party charged.
Rule IND. 88.03 provides for an investigation by a departmental agent and a determination of whether or not there is probable cause. If no probable cause is found, the complaint is to be dismissed with notice to both parties.
Rule IND. 88.04 provides that, if the departmental agent does find probable cause, he shall give notice to both parties and proceed to eliminate the alleged unlawful practice through conference, conciliation or persuasion.
It is only after these procedures fail that a formal adjudicatory hearing on notice is scheduled. See IND. 88.06-88.13.
Your first question is whether the proposed Rule IND. 88.05, quoted below, would violate either sec. 66.77 or sec. 19.21, Stats.
"IND. 88.05 PROHIBITED DISCLOSURES
"The commission or any of its agents or employes shall not make public in any manner whatever any of the information obtained by the commission, or its agent, pursuant to its authority under Section 111.36, Stats. prior to the time a hearing actually takes place." *Page 47 
I am of the opinion that the proposed rule would violate sec. 19.21 (2) and (4), Stats., if it were used as a blanket applicable to all proceedings under sec. 111.36, Stats., to prohibit all persons from inspecting and copying papers and records required by law to be filed, deposited or kept, papers in possession of such officer, or papers to the possession of which he is entitled as such officer.
Section 19.21 (1) and (2), Stats., provides:
"(1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
"(2) Except as expressly provided otherwise, any person may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things mentioned in sub. (1). Any person may, at his own expense and under such reasonable regulations as the custodian prescribes, copy or duplicate any materials, including but not limited to blueprints, slides, photographs and drawings. Duplication of university expansion materials may be performed away from the office of the custodian if necessary." (As amended by ch. 219, Laws 1969.)
Administrative agencies have only such powers as are expressly granted or necessarily implied. American Brass Co. v. State Board of Health
(1944), 245 Wis. 440, 15 N.W.2d 27. Rules of administrative agencies must be in accord with statutory policy. Josam Mfg. Co. v. State Board ofHealth (1965), 26 Wis.2d 587, 133 N.W.2d 301.
While the Department has rule-making authority under ch. 227, sec. 101.10
(7), Stats., and, with respect to this area, sec. 111.38, Stats., its rules cannot be contrary to the provisions of secs. 19.21 and 66.77, Stats., absent specific *Page 48 
statutory authority to the contrary. Nowhere in secs. 111.31-111.37, or in that part of ch. 101 made applicable to sec. 111.36, is there authority to adopt the rule referred to.
There may be good reason to preclude public inspection of records and papers prior to the time notice of formal hearing under sec. 111.36, Stats., is given; however, in view of the general policy established by secs. 19.21 and 66.77, Stats., any blanket limitation on the right of public inspection or open meeting is for the legislature.
The legislature has provided special legislation with respect to the Fair Housing Law. The procedures followed by the Department under sec.101.60 (4), Stats., are essentially similar to those provided in sec.111.36, Stats. Section 101.60 (3) is far more limited than proposed rule IND. 88.05, but does provide in part:
"(3) * * * No publicity shall be given a complaint in those cases where the department obtains compliance; * * * or * * * finds that the complaint is without foundation."
With respect to the Federal Equal Opportunity Commission, federal law provides that whenever it is claimed in writing by a person claimed to be aggrieved or where a member of the Commission has made written charge that an employer, employment agency or labor organization has engaged in unlawful employment practice, the Commission shall furnish the person charged:
"* * * with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such endeavors may be made public by the Commission without the written consent of the parties, or used as evidence in a subsequent proceeding. Any officer or employee of the Commission, who shall make public in any manner whatever any information in violation of *Page 49 
this subsection shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than one year." 42 U.S.C.A. § 2000e-5 (a).
It will be noted that the proscription runs only against officers and employes of the Commission and does not apply to state officers or employes, even where the federal agency notifies the state and gives the state time to act pursuant to state law.
If your department is of the opinion that similar provisions would be in the public interest in eliminating discrimination in housing and employment and licensing practices, the matter should be brought to the attention of the legislature.
The provisions of sec. 19.21, Stats., would not require an officer having custody of papers in a specific matter to allow examination and copying if he determined that inspection would be detrimental to the public interest. In such case he must specifically state the reasons for refusal and the person seeking inspection could institute court action to compel inspection.
State ex rel. Youmans v. Owens (1965), 28 Wis.2d 672, 137 N.W.2d 470;
Beckon v. Emery (1967), 36 Wis.2d 510, 153 N.W.2d 501,
State ex rel. Journal Co. v. County Court (1969), 43 Wis.2d 297,168 N.W.2d 836.
Section 66.77, Stats. (formerly 14.90, Stats.), the anti-secrecy statute, would apply to the Department (Commissioners), but as pointed out in 52 OAG 363 (1963) and 54 OAG i, vii (1965), it is only applicable to meetings of administrative bodies, whether or not formal action is taken.
The proposed Rule IND. 88.05 could conceivably be used in violation of sec. 66.77, Stats. However, present procedures of the Department would not offer great opportunity for breach. *Page 50 
In 57 OAG 213, 216 (1968), it is stated:
"A basic but sometimes overlooked fact is that sec. 14.90 applies only to meetings of bodies. Thus meetings between the one-man head of a department and a member of his staff, or even a meeting of the entire staff of a department, may not be covered by the anti-secrecy law because the staff does not constitute a body. On the other hand, meetings of statutorily defined public bodies, such as the state university board of regents, clearly are covered by sec. 14.90."
There is no doubt but that commissioners comprise an administrative body. It is questionable, however, whether one commissioner, or an agent acting alone for the Department, does in every case constitute a body.
I am of the opinion that an examiner who was conducting an investigation by hearing, prior to an adjudicatory hearing on notice after conciliation and conference failed, could exclude the public in a case where it was his duty to investigate and report his recommendations to the Commission for their determination of probable cause.
I am of the further opinion that a commissioner or examiner could privately conduct conferences with the complaining party and party complained against for the purposes of conciliation or persuasion. In the usual case there would be no formal action on the part of the commissioner or examiner. The Commissioners cannot order an agreement between the parties at this stage.
It might be better procedure, however, where such conferences are conducted by the Commissioners, to publicly announce a reason why the conference is being restricted to the parties. While it is questionable whether such conferences constitute meetings of a public body at which formal action may be taken, subsec. (3) (d) of sec. 66.77, Stats., permits closed meetings for conducting public business which for competitive or bargaining purposes requires closed meetings. Subsection (3) (b) might be involved in certain cases under secs. 111.31-111.37, Stats., where the charge is against a person licensed by the state, and subsec. *Page 51 
(3) (e) relating to "financial, medical, social or personal histories and disciplinary data which may unduly damage reputations" could be involved. Each case involving alleged discrimination is different. However, where a matter has gone to the conference, conciliation and persuasion stage, there will generally be sufficient specific reasons available to justify closing by the Commissioners.
Where sec. 66.77, Stats., is applicable, assuming presence of an administrative body, and a meeting, the general rule is that in order to close any meeting or portion, specific reasons must be stated as to why the meeting is to be closed.
54 OAG i, vi, xi (1965):
Board of School Directors of Milwaukee v. WERC (1969), 42 Wis.2d 637,653, 168 N.W.2d 92;
State ex rel. Cities Service Oil Co. v. Board of Appeals (1963),21 Wis.2d 516, 537, 124 N.W.2d 809;
State ex rel. Youmans v. Owens, supra, pp. 672, 684, 685.
Notice of the closing can be given at the time of closing; however, notice of the conference is given in the usual case by letter to the parties and could contain a statement that the conciliation conference would be closed to the general public. Notice of such conference and reasons for closing the same could be given to the public by means of prior posting in the building or other public area.
Your second question is at what point the Department can give publicity to its findings under sec. 111.36, Stats. You further inquire whether the Department can give publicity to a finding of probable cause.
Section 111.36 (1), Stats., provides that the Department may receive and investigate complaints and "give publicity to its findings with respect thereto."
Under the statute, the Department is not precluded from giving publicity at any stage subsequent to the filing of the complaint, which must be in writing by reason of departmental rule. *Page 52 
The point at which publicity should be given under present statutes is a matter of departmental policy. The Department might wish to follow the federal policy referred to above or the policy set forth in sec. 101.60
(3), Stats., applicable to the Fair Housing Law.
Where access to records or documents in the possession of departmental officers is sought, it cannot prevent the parties concerned or third parties from publicizing such materials absent foreclosing inspection in the public interests, on the basis of specific reasons stated, in compliance with the mandate of the Youmans case, supra.
Your third question is at what point the Department can give publicity to its findings under sec. 101.60 (3), Stats., of the Fair Housing Law.
Section 101.60 (3), Stats., as amended by s. 381 of ch. 276, Laws of 1969, provides:
"(3) DEPARTMENT TO ADMINISTER. This section shall be administered by the department of industry, labor and human relations through its division of equal rights. The department may promulgate such rules as are necessary to carry out this section. No publicity shall be given acomplaint in those cases where the department obtains compliance withthis section or the department finds that the complaint is withoutfoundation." (Emphasis added.)
I am of the opinion that this provision cannot be used by department officers to deny all persons the right to inspect and copy public records and documents which is guaranteed under sec. 19.21, Stats. Refusal can only be denied on a case-by-case basis where the officer having custody initially determines that inspection would be detrimental to the public interest and gives specific reasons for such denial.
State ex rel. Youmans v. Owens, Beckon v. Emery, State ex rel.Journal Co. v. County Court, supra.
The provision in sec. 101.60 (3), Stats., could be a supporting reason in such refusal, as it shows a legislative intent that at certain stages of the process to eliminate discrimination the Department shall not actively publicize. *Page 53 
It is commonly recognized that publicizing efforts to eliminate discrimination with respect to specific instances can be a beneficial tool in deterring its general spread or in eliminating it. The legislature, however, has apparently recognized that harm can be caused to individuals or corporations unfairly charged, or who may be unaware of a violation and promptly comply when state action is taken.
The provision in sec. 101.60 (3), Stats., is somewhat vague as to the point in the proceedings where active publicity by the Department is proscribed. I construe the restraint as running only against the Department or its employes. In my opinion it is not restrictive on the complainant, the party charged, or such persons who may lawfully be apprised of the proceedings through inspection of public records or otherwise.
It should be noted that sec. 101.60 (3), Stats., provides in part: "* * * No publicity shall be given a complaint * * *." Other language in subsection (3), however, extends the prohibition to some proceedings beyond the complaint stage.
Section 101.60 (4) (a), Stats., provides that the Department may receive and investigate complaints which must be written and verified. Subsection (b) provides that the Department is empowered to investigate, hold hearings and take testimony.
Section 101.60 (4) (c), Stats., as amended by ch. 276, s. 584, Laws of 1969, provides:
"If the department finds probable cause to believe that any discrimination has been or is being committed in violation of this section, it shall immediately endeavor to eliminate such discrimination by conference, conciliation and persuasion. If the department determines that such conference, conciliation and persuasion has not eliminated the alleged discrimination, the department shall issue and serve a written notice of hearing, specifying the nature and acts of discrimination which appear to have been committed, and requiring the person named, hereinafter called the `respondent' to answer the complaint at a hearing before the department. The notice shall specify a time of hearing, not less than 10 *Page 54 
days after service of the complaint, and a place of hearing within the county in which the act of discrimination is alleged to have occurred. The testimony at the hearing shall be recorded by the department. In all hearings, except those for determining probable cause, before the department the burden of proof shall be on the party alleging discrimination. If, after the hearing, the department finds by a fair preponderance of the evidence that the respondent has engaged in discrimination in violation of this section, the department shall make written findings and recommend such action by the respondent as will effectuate the purpose of this section and shall serve a certified copy of its findings and recommendations on the respondent and complainant together with an order requiring the respondent to comply with the recommendations, the order to have the same force as other orders of the department and be enforced as provided in this section except that the enforcement of such order shall automatically be stayed upon the filing of a petition for review with the circuit court for the county in which the alleged discrimination took place. If the department finds that the respondent has not engaged in discrimination as alleged in the complaint, it shall serve a certified copy of its findings on the complainant and the respondent together with an order dismissing the complaint. Where the complaint is dismissed, costs in an amount not to exceed $100 plus actual disbursements for the attendance of witnesses may be assessed against the department in the discretion of the department."
I am of the opinion that the provision of restraint as to publicity contained in sec. 101.60 (3), Stats., is applicable against the Department or its agents only at those stages before the Department finds that the conference, conciliation and persuasion have not eliminated the alleged discrimination.
It is my opinion that the legislature did not intend that the Department refrain from giving publicity where it finds that there is probable cause for discrimination that has been or is being committed, and where efforts to eliminate it without the necessity of the adjudicatory hearing have failed. *Page 55 
The adjudicatory hearing is on notice, testimony must be recorded, formal findings and an order must be entered and served. I am of the opinion that the Department could not exclude the public from such quasi-judicial hearing except in circumstances specified in sec. 66.77 (3), Stats.
54 OAG vii, viii (1965).
State ex rel. Cities Service Oil Co. v. Board of Appeals, supra, p. 537.
Board of School Directors of Milwaukee v. WERC, supra, p. 653.
I do not believe that the legislature could have intended that the Department should be precluded from actively publicizing the final outcome of an adjudicatory hearing, where the order is subject to judicial review by either party. Section 101.60 (5), Stats., provides that such judicial review shall be a trial de novo with right to a jury. Final compliance could conceivably be delayed until after appeal to the supreme court.
RWW:RJV