Ursula RATHIE, Plaintiff-Appellant,

v.

## NORTHEASTERN WISCONSIN TECHNICAL INSTITUTE and William C. Evans, Defendants-Respondents.

Court of Appeals

*No. 87–1544. Submitted on briefs November 19, 1987.—Decided December 19, 1987.*

(Also reported in 419 N.W.2d 296.)

For plaintiff-appellant there were briefs submitted by *Joseph M. Nicks* of *Godfrey & Kahn, S.C.,* of Green Bay.

For defendants-respondents there was a brief submitted by *Robert W. Burns* of *Mulcahy & Wherry, S.C.,* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Ursula Rathie appeals the dismissal of a petition for writ of mandamus. The petition seeks to compel Northeastern Wisconsin Technical Institute (NWTI) to disclose certain student "Attendance and Grade" forms, including the name, social security number, telephone number, class attendance record, and final grade of each student enrolled in the courses. Rathie claims that she is entitled to the student records pursuant to the Wisconsin open records law, sec. 19.35(1)(a), Stats. We disagree and affirm.

Both parties agree that the reason for nondisclosure originally articulated was that release of the requested forms would violate the Family Educational Rights and Privacy Act, commonly known as the Buckley Amendment, 20 U.S.C.A. sec. 1232g.[1] NWTI had informed Rathie of this concern, but stated that they would release the requested student records in the event the United States Department of Education indicated that disclosure would not violate the Act. Accordingly, advice was requested in that regard from the Family Educational Rights and Privacy Act Office, whereupon the Director responded that disclosure of the requested records could be made only with the students' prior written consent. Rathie declined to pursue this option, seeking instead to compel disclosure through writ of mandamus. The mandamus petition requested the release of the Attendance and Grade forms in their entirety. The trial court dealt solely with the issue of whether the requested Attendance and Grade forms were attainable in their entirety and that is the posture of the issue as presented to this court.

In mandamus actions seeking to compel disclosure of public records, we examine the sufficiency of the custodian's stated reasons for denial of the request as a matter of law. *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 428, 279 N.W.2d 179, 184 (1979). The presumption of the open records law is that there is a right to inspect a public document, and that it is only in the exceptional case that inspection should be denied. *Id.* at 433, 279 N.W.2d at 187.

---

[1]Unless otherwise indicated, citations to 20 U.S.C.A. sec. 1232g refer to the 1978 edition.

At common law, when not detrimental to the public interest, or expressly limited by statute, the right to examine public records existed with all persons who had a sufficient interest in the subject matter. *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681, 137 N.W.2d 470, 474 (1965), *modified and aff'd,* 32 Wis. 2d 11, 139 N.W.2d 241 (1966). Significantly, whatever limitations existed at common law exist under the open records law. *Breier,* 89 Wis. 2d at 426, 279 N.W.2d at 183–84. Section 19.35(1)(a) provides in part:

> **Access to records; fees.** (1) Right to inspection. (a) *Except as otherwise provided by law,* any requester has a right to inspect any record. Substantive *common law principles* construing the right to inspect, copy or receive copies of records *shall remain in effect.* (Emphasis added.)

A limitation identical to the common-law limitation regarding statutory exemptions was codified and is currently reflected in sec. 19.36(1), Stats.:

> **Limitations upon access and withholding.** (1) Application of other laws. *Any record which is specifically exempted from disclosure by state or federal law* or authorized to be exempted from disclosure by state law *is exempt from disclosure under s. 19.35(1)* .... (Emphasis supplied.)

The initial question presented to the trial court was whether the federal Act specifically exempts the requested records from disclosure. The trial court, relying on *Rios v. Read,* 73 F.R.D. 589, 592 (E.D.N.Y. 1977), concluded that the Act does not forbid disclosure. Because the Act does not provide a privilege

688

against disclosure of student records, the trial court concluded that the Act merely provides a sanction in the event schools adopt policies of releasing student records. The trial court based its premise that the Act merely threatens financial sanctions in an effort to deter schools from adopting policies of releasing student records on the language of 20 U.S.C.A. sec. 1232g(b)(2), which provides:

> (2) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection unless—
> (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or
> (B) such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

Although the Act does not provide a privilege analogous to a doctor-patient or attorney-client privilege, the Act and the regulations promulgated under authority of the Act provide a confidentiality and a right to privacy. The federal Act thus specifically limits the disclosure of the requested student records. Whether this limitation amounts to a specific exemption as required by sec. 19.36(1), however, need not be

reached by this court since the student records are unattainable in any case by virtue of the public policy limitation under Wisconsin's open records law.

The trial court held that the student records are exempt from disclosure under Wisconsin's open records law by virtue of the significant public policy inherent in the federal statute. We agree.

A third party's right to disclosure of public records under sec. 19.35(1) is not absolute but depends on whether the harmful effect on the public interest in disclosing the information outweighs the right of the public to have access to particular records. *See State ex rel. Youmans,* 28 Wis. 2d at 681, 137 N.W.2d at 474. Whether harm to the public interest from inspection outweighs the public interest in inspection is a question of law. *Breier,* 89 Wis. 2d at 428, 279 N.W.2d at 184. In the present case, there is an overriding public interest in preserving privacy of student education records. Consequently, the harmful effects on the public interest in disclosing this information outweigh the benefit to be gained by unrestricted disclosure.

This public policy is reflected in the Act and the regulations promulgated under its authority. Under the Act, the secretary of the Department of Health, Education and Welfare is directed to adopt regulations to protect students' rights of privacy, and further to enforce them through an office and review board investigating and adjudicating violations. 20 U.S.C.A. secs. 1232g(b)(4)(B)(c), (f), and (g). The HEW regulations and guidelines promulgated pursuant to this directive are currently published in 34 C.F.R. PART 99—PRIVACY RIGHTS OF PARENTS AND STU-

DENTS.[2] Subpart D—Disclosure of Personally Identifiable Information From Education Records provides at sec. 99.30:

> (a)(1) An educational agency or institution *shall* obtain the written consent of the parent of a student or the eligible student *before disclosing* personally identifiable information from the education records of a student, other than directory information, except as provided in sec. 99.31. (Emphasis supplied.)

Education records are those records or documents maintained by the institution or agency that "contain information directly related to a student." 20 U.S.C.A. sec. 1232g(a)(4)(A)(i). Personally identifiable information means data or information including:

> (a) the name of a student, the student's parent, or other family member, (b) the address of the student, (c) a personal identifier, such as the student's social security number or student number, (d) a list of personal characteristics which would make the student's identity easily traceable, or (e) other information which would make the student's identity easily traceable.

34 C.F.R. sec. 99.3 at 302.

The requested information contained in the Attendance and Grade forms comes within the scope of educational records directly relating to a student. Just as clearly, the forms fall within the definition of personally identifiable information since they include the students' names, social security numbers, telephone numbers, class attendance records, and grades.

[2]Unless otherwise indicated, citations to 34 C.F.R. Part 99 refer to the July 1, 1987, edition.

The Act does provide that certain personally identifiable information may be released without written consent under certain conditions. Specific categories of personally identifiable information may be designated as "directory information," for example, students' names, addresses, and telephone numbers.[3] 34 C.F.R. sec. 99.37 of the regulations outlines the procedures for the release of directory information:

> (a) An educational agency or institution may disclose personally identifiable information from the education records of a student who is in attendance at the institution or agency *if that information has been designated as directory information* (as defined in [sec.] 99.3) under paragraph (c) of this section. (Emphasis supplied.)

If the school designates certain categories of personally identifiable information as directory information, sec. 99.37 further requires the educational institution to give public notice of the type of information it wishes to so designate and provide students in attendance the right to refuse to permit the designation with respect to themselves.

In the present case, the school has not designated categories of personally identifiable information as directory information and has not adopted directory information procedures. Under the federal Act, there-

---

[3]The only information contained within the Attendance and Grade forms which could be designated "directory information" would be the student's names and telephone numbers. The students' social security number, final grade, and daily attendance could not be designated directory information as that term is defined in 34 C.F.R. sec. 99.3. Although sec. 99.3 defines "dates of attendance" as directory data, we conclude that the reference is to terms attended at the institution, not to daily attendance records pertaining to an individual course.

fore, the requested educational records contained no directory information.[4]

Accordingly, to provide unrestricted third-party access to the personally identifiable information under the facts of this case as Rathie urges would directly undercut the public policy inherent in the federal Act. The Act represents a strong stand in favor of privacy and was enacted to provide broad limitations on third party-access in order to protect students' privacy rights. Indeed, the provisions assuring privacy of student records were enacted in response to "the growing evidence of abuse of student records across the nation." Cong. Rec. 13990 (May 13, 1975) (remarks of Senator Buckley).

The purpose of the Act was expressly asserted by its sponsors:

> The purpose of the Act is two-fold—to assure parents of students, and students themselves if they are over the age of 18 or attending an institution or postsecondary education, access to their education records *and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent.*

Cong. Rec. 39862 (Dec. 13, 1974) (Joint Statement in Explanation of Buckley/Pell Amendment) (emphasis supplied).

---

[4]We note that under the Wisconsin open records law, the authority having custody of the records shall provide a portion of the requested record if that information may be made public. Section 19.36(6), Stats. It is arguable that "directory information" is not meant to be confidential but should be designated by the custodian and severed after appropriate notice even though directory data designations have not been adopted by the institution. However, Rathie neither argued the applicability of this statute before the trial court nor in her brief on appeal. Therefore, we need not address this unpresented issue.

The latter purpose of the Act, to protect the privacy of the student from unauthorized intrusions by third parties, is secured by the regulations adopted by the Secretary of HEW allowing the institution to release personally identifiable student records "only upon written consent." *See* S. Rep. No. 93–1026, 93rd Cong., 2d Sess. 186, *reprinted in* 1974 U.S. Code Cong. & Admin. News 4250.

We agree with the trial court that the detriment to the public interest in disclosing these student records outweighs Rathie's perceived interest in inspection. Rathie contends that she is the subject of a criminal investigation presently being conducted by several law enforcement agencies stemming from her employment at NWTI. She insists that her lack of access to the records seriously restricts her own ability to investigate and contest the alleged allegations. We do not consider Rathie's allegations of an investigation sufficient to outweigh the substantial privacy interests of the student. Significantly, Rathie has neither been charged with criminal activity, nor is there an adequate indication that official action will be taken against her. In the event of a completed official act, Rathie's perceived need may be elevated. *See Breier,* 89 Wis. 2d at 436, 279 N.W.2d at 188. Furthermore, Rathie has made no claim that the student records would be lost or destroyed, thereby increasing her need.

Consequently, we conclude that the significant public policy basis for nondisclosure inherent in the federal Act outweighs the interest in disclosure. We decline to render the federal Act superfluous or put the institution in the precarious position of choosing between violating the state open records law or losing presumably essential federal funding. We further

recognize the students' expectation of privacy that they may reasonably foster.

Finally, we reject Rathie's suggestion that the custodian is required to forward a legal recitation in support of the refusal. The duty of the custodian to specifically state public policy reasons for the refusal was satisfied by stating that disclosure would violate the federal Act. It is the role of the court to decide whether the reasons asserted are sufficient. We conclude that a statement indicating that disclosure violates the Family Educational Rights and Privacy Act provides a sufficiently specific basis for the refusal.

Accordingly, we hold that the custodian of the requested "Attendance and Grade" forms properly denied access to the student records. The petition was properly dismissed.

*By the Court.*—Order affirmed.