ONEIDA COUNTY, State of Wisconsin, a Wisconsin
Municipal Corporation, Plaintiff-Respondent-Peti-
tioner,

v.

R. Bruce CONVERSE, David T. Converse, Roseann E.
Converse, his wife, and Marcia A. Cady, Defendants-
Appellants.

Supreme Court

*No. 92–1483. Oral argument October 13, 1993.—Decided
December 8, 1993.*

(Also reported in 508 N.W.2d 416.)

For the plaintiff-respondent-petitioner there were briefs and oral argument by *Lawrence R. Heath,* corporation counsel for Oneida County.

For the defendants-appellants there was a brief by *John H. Ames* and *Ames & Associates, Ltd.,* Minocqua and oral argument by *John H. Ames.*

Amicus curiae brief was filed by *Thomas J. Dawson* and *William P. O'Connor,* Madison for the Wisconsin Public Intervenor and Wisconsin Association of Lakes, Inc.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals, *Oneida County v. Converse,* 173 Wis. 2d 78, 496 N.W.2d 124 (Ct. App. 1992), reversing a judgment entered pursuant to an order of the Oneida County Circuit Court, James P. Jansen, Judge, dated May 16, 1992, which granted summary judgment to Oneida County and ordered R. Bruce Converse et al. to pay forfeitures and remove a boathouse erected in violation of the Oneida County Zoning and Shorelands Protection Ordinances.

The issue we address on this review is whether the Department of Natural Resources (DNR) exceeded the authority granted it under sec. 30.121(6), Stats.,[1] when it promulgated a rule, Wis. Admin. Code sec. NR 325.065 (September 1980), which provides that wet boathouses destroyed by violent wind, vandalism or fire can be rebuilt. We conclude that the DNR did not have authority to promulgate this rule. Wis. Admin. Code sec. NR 325.065, then, is invalid. Therefore, we reverse the decision of the court of appeals.[2]

Since 1945, the Converses have owned a two story wet boathouse[3] on Lake Tomahawk in Oneida County. On April 27, 1984, the boathouse was destroyed by a

---

[1] Section 30.121(6), Stats. 1991–92 provides:

The department [of natural resources] may promulgate rules deemed necessary to carry out the purposes of [sec. 30.121].

[2] Two other issues were raised on this appeal: whether Wis. Admin. Code sec. NR 325.065 preempted the Oneida County ordinances; and, whether NR 325.065 violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Because we have determined that Wis. Admin. Code sec. NR 325.065 is invalid, we need not address these issues.

[3] A wet boathouse is one which has been constructed beyond the ordinary high water mark of a navigable waterway.

tornado. At this time, the boathouse constituted a non-conforming use under sec. 30.121(2), Stats.,[4] and sec. 9.51 D[5] of the Oneida County Zoning and Shorelands Protection Ordinances. After the tornado, the Converses applied for a zoning permit to rebuild the boathouse. The Oneida County Planning and Zoning Office denied the permit, relying on secs. 9.51 D and 9.90 A[6] of the Oneida County Ordinances. The Con-

---

[4] Section 30.121(2), Stats. 1991–92, provides:

PROHIBITIONS. After December 16, 1979 no boathouse or fixed houseboat may be constructed or placed beyond the ordinary high-water mark of any navigable waterway.

[5] Section 9.51 D (1984) of the Oneida County ordinance provides:

Water Line Setbacks. For lots that abutt [sic] on a lake or stream the following rules shall apply:

D.   No part of any boathouse shall extend into the lake or stream beyond the ordinary high water mark. . . .

[6] Section 9.90 (1984) of the Oneida County ordinances provides:

A.   The lawful use of a building, structure or property existing at the time this ordinance or an amendment to this ordinance takes effect, which is not in conformity with the provisions of this ordinance, including the routine maintenance of such a building or structure, may be continued subject to the following conditions:

. . .

2.   The maintenance and repair of nonconforming boathouses which are located below the ordinary high water mark of any navigable waters shall comply with the requirements of Section 30.121 of the Wisconsin Statutes.

. . .

4.   No structural alteration, addition or repair to any nonconforming building or structure, over the life of the building or structure, shall exceed fifty percent (50%) of its estimated fair market value at the time of its becoming a

123

verses appealed this decision to the Oneida County Board of Adjustment, and the Board upheld the permit denial. Meanwhile, the DNR informed the Converses that a DNR permit was not required to rebuild the boathouse, but that local or federal permits might be required.

The Converses did not seek review of the decision of the County Board of Adjustment. Rather, in spite of the permit denial, the Converses rebuilt the wet boathouse in the spring of 1985. Upon finding that the Converses had rebuilt the boathouse, Oneida County filed suit, claiming that sec. 9.51 D of the County ordinances had been violated. Pursuant to sec. 9.126 A of the County ordinances, the County asked the court to impose forfeitures and order removal of the boathouse. As a defense, the Converses pointed to Wis. Admin. Code sec. NR 325.065, which provides:

> **Exemption from 50% repair limitation.** The limitation on repairing only 50% of the current value of a boathouse or fixed houseboat shall not be applicable to any such structure damaged by violent wind, vandalism or fire.

Oneida County circuit court granted summary judgment to the County. The court of appeals reversed. The court of appeals concluded that sec. 9.90 of the Oneida County ordinances conflicts with Wis. Admin. Code sec. NR 325.065. The court ruled that the Oneida County ordinance was invalid to the extent it precluded rebuilding wet boathouses destroyed by violent wind, vandalism or fire.

nonconforming use, unless it is permanently changed to a conforming use.

■ The issue we address is whether section 30.121, Stats., provided the DNR the authority to promulgate Wis. Admin. Code sec. NR 325.065. If sec. 30.121 did not authorize the DNR to promulgate this rule, then the rule must be invalidated.[7] An administrative agency has only those powers which are expressly conferred or can be fairly implied from the statutes under which it operates. *Peterson v. Natural Resources Board,* 94 Wis. 2d 587, 592, 288 N.W.2d 845 (1980). An administrative agency may not issue a rule that is not expressly or impliedly authorized by the legislature. *Id.* at 593.

■ We begin our interpretation of sec. 30.121 by determining whether the statute clearly expresses legislative intent in regard to the subject of the administrative rule. If the intent of the legislature is clear from the statute our analysis of the statute ends, because courts and agencies must follow unambiguously expressed legislative intent. We then look at the agency's rule to determine whether it is consistent with the clear intent of the legislature. An agency cannot promulgate a rule inconsistent with an unambiguous statute. *Basic Products Corp. v. Dept. of Taxation,* 19 Wis. 2d 183, 186, 120 N.W.2d 161 (1963). " '[An agency's] rule-making power does not extend beyond the power to carry into effect the purpose as expressed in the enactment of the legislature.' " *Basic Products Corp.,* 19 Wis. 2d at 163 (quoting *Village of Plain v. Harder,* 268 Wis. 507, 511, 68 N.W.2d 47 (1955).

---

[7] Section 227.40(4)(a), Stats. provides:

In any proceeding pursuant to this section for judicial review of a rule, the court shall declare the rule invalid if it finds that it . . . exceeds the statutory authority of the agency. . . .

Beginning with the language of section 30.121, we note that the statute sets limitations on building, repair and maintenance of wet boathouses. The statute provides:

> **(2)** PROHIBITIONS. After December 16, 1979 no boathouse or fixed houseboat may be constructed or placed beyond the ordinary high-water mark of any navigable waterway.
>
> **(3)** MAINTENANCE. The riparian owner of any boathouse or fixed houseboat extending beyond the ordinary high-water mark of any navigable waterway may repair and maintain the boathouse or fixed houseboat if the cost of the repair or maintenance does not exceed 50% of the equalized assessed value of the boathouse or fixed houseboat. If the boathouse or fixed houseboat is not subject to assessment, the owner may make repairs if the cost of the repair or maintenance does not exceed 50% of the current fair market value of the boathouse or fixed houseboat.

Furthermore, sec. 30.121(6) provides that the Department of Natural Resources "may promulgate rules deemed necessary to carry out the purposes of this section." The express language of sec. 30.121 indicates that the legislature intends to phase out wet boathouses. New construction of wet boathouses is prohibited, while repairs and maintenance are only allowed when they are no more than fifty percent of assessed or fair market value. Because of the restrictions on maintenance and repair, these provisions provide only limited protection to owners of existing wet boathouses. Section 30.121 clearly does not allow owners of existing wet boathouses to completely replace these structures.

We conclude that Wis. Admin. Code sec. NR 325.065 is inconsistent with the express provisions of sec. 30.121; therefore, the DNR rule cannot stand. Section 30.121 is a specific statute that sets forth the circumstances in which a boathouse can be maintained or repaired. Wet boathouses can only be repaired if the cost of repair does not exceed fifty percent of the assessed or fair market value. Section 30.121(3), Stats. This language could not be clearer. Yet Wis. Admin. Code sec. NR 325.065 would allow repairs of up to one hundred percent of fair market value if a boathouse is destroyed by vandalism, fire or wind. The DNR rule would permit repair in situations flatly prohibited by the statute. The DNR rule is completely inconsistent with sec. 30.121(3).

Wis. Admin. Code sec. NR 325.065 is also inconsistent with sec. 30.121(2), which is applicable if rebuilding a boathouse after a tornado is considered construction. Section 30.121(2) prohibits construction of wet boathouses after December 16, 1979, whereas the DNR rule authorizes such construction as long as the boathouse was destroyed by fire, violent wind, or vandalism. Again, the DNR rule is authorizing an activity plainly prohibited by the statute. Wis. Admin. Code sec. NR 325.065 cannot stand.

The Converses argue that the fundamental purpose of sec. 30.121 is to save wet boathouses. The Converses state that before passage of sec. 30.121, repair and maintenance of wet boathouses was completely forbidden. According to the Converses, the legislature passed sec. 30.121 to change this situation so that those boathouses already in existence could continue to survive. Thus, they argue, Wis. Admin. Code sec. NR 325.065 is consistent with the basic pur-

pose of the statute because the rule allows rebuilding when a boathouse already in existence is destroyed.

However, the Converses fail to provide any support for their position that saving boathouses is the basic purpose of sec. 30.121. Furthermore, as already discussed, their interpretation is inconsistent with the express language of sec. 30.121, which clearly indicates that the purpose of the statute is to phase out wet boathouses.

The Converses only rely on Wis. Admin. Code sec. NR 325.065 as a basis for concluding that they were entitled to rebuild their boathouse. Because this DNR rule is invalid, the Converses are bound by the Oneida County ordinances. Accordingly, it was appropriate for the circuit court to grant summary judgment and impose forfeitures, as well as to require that the Converses remove the new boathouse. The decision of the court of appeals is reversed and the judgment of the circuit court is thereby reinstated.

*By the Court.*—Decision reversed.