Charles CHVALA, Plaintiff-Appellant,

v.

Danford C. BUBOLZ, Office of the Commissioner of
Insurance, and Patients Compensation Fund,
Defendants-Respondents.

Court of Appeals

*No. 95–3120. Submitted on briefs April 12, 1996.—Decided
July 31, 1996.*

(Also reported in 552 N.W.2d 892.)

For the plaintiff-appellant the cause was submitted on the briefs of *Lynn Adelman* and *Jon Deitrich* of *Adelman, Adelman & Murray, S.C.*, of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J.   This is an open records case. Charles Chvala appeals from an order granting the defendants' motion for summary judgment. The trial court concluded that Chvala was not entitled to records

of the Patients Compensation Fund showing which medical doctors licensed in Wisconsin had more than one claim awarded against them. We conclude that the statute upon which the Chief of the Patients Compensation Fund relied when he denied Chvala's request does not exempt the records from open records inspection. Accordingly, we reverse.

## BACKGROUND

Chvala, a member of the Wisconsin Senate, requested of Danford Bubolz, Chief of the Wisconsin Patients Compensation Fund, pursuant to Wisconsin's open records law:

> A listing of claims awarded by the Wisconsin Patients Compensation Fund since 1975 against doctors who had more than one claim awarded against them over the duration of their license to practice medicine in the State of Wisconsin. I am requesting the amount of each claim, the reason it was awarded and the name of the physician against whom the complaint, which led to the claim, was filed.

Bubolz denied the claim because in his view, § 655.27(4)(b), STATS., prohibited the release of that information. That statute provides: "All books, records and audits of the fund shall be open to the general public for reasonable inspection, with the exception of confidential claims information." Bubolz also cited an administrative rule, WIS. ADM. CODE § INS 17.275(2), which provides:

> In this section, "confidential claims information" means any document or information relating to a claim against a health care provider in the possession of the commissioner, the board or an

85

agent thereof, including claims records of the fund and the plan and claims paid reports submitted under s. 655.26, Stats.

Bubolz's letter is ambiguous as to whether he is relying upon WIS. ADM. CODE § INS 17.275(2) to deny Chvala's request. We conclude that he is not because Bubolz asserts in his brief: "Contrary to the plaintiff's claim, the defendants did not rely on the administrative rule to deny access to these records." The issue, therefore, is whether Bubolz could rely on § 655.27(4)(b), STATS., to deny Chvala's request.

## STANDARD OF REVIEW

■ The application of § 19.35(1), STATS., to undisputed facts is a question of law. *Oshkosh Northwestern Co. v. Oshkosh Library Bd.*, 125 Wis. 2d 480, 485, 373 N.W.2d 459, 462 (Ct. App. 1985). We are not bound by the trial court's conclusions and review the matter *de novo. First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). We have described summary judgment methodology many times. *See State Bank v. Elsen*, 128 Wis. 2d 508, 511-12, 383 N.W.2d 916, 917-18 (Ct. App. 1986). We need not repeat it here.

## DECISION

■ Chvala first argues that Bubolz's reply lacked the required specificity because Bubolz's reason for rejecting Chvala's request was only that § 655.27(4)(b), STATS., required that the records be kept confidential. A custodian's denial of access to a public record must be accompanied by a statement of the specific public pol-

icy reasons for the refusal. *Oshkosh Northwestern*, 125 Wis. 2d at 485, 373 N.W.2d at 463. This specificity requirement is not met by a mere citation to the exemption statute. *Id.* However, in *Rathie v. Northeastern Wis. Technical Inst.*, 142 Wis. 2d 685, 687, 694-95, 419 N.W.2d 296, 297, 300-01 (Ct. App. 1987), we approved a custodian's denial of an open records request which stated that releasing the document would violate the Family Educational Rights and Privacy Act, 20 U.S.C.A. § 1232g (West 1978).

We believe that *Oshkosh Northwestern* and *Rathie* can be reconciled. In *Rathie*, we concluded that the federal act specifically limited the disclosure of the requested records. 142 Wis. 2d at 689, 419 N.W.2d at 298. We held that a statement indicating that disclosure would violate the Family Educational Rights and Privacy Act was sufficiently specific. *Id.* at 695, 419 N.W.2d at 301. Even Chvala concedes in his reply brief that a statutory exception to the open records law may be so specific that a custodian need give no further explanation for his or her refusal.

In *Oshkosh Northwestern*, the custodian's reason for refusing to produce records was that an exemption to Wisconsin's open meetings law found in § 19.85(1)(c), STATS., justified the refusal. 125 Wis. 2d at 484, 373 N.W.2d at 462. Section 19.85(1)(c), STATS., permitted a government meeting to be closed if it was held to consider: "employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility."

We conclude that there are some statutes such as the federal law in *Rathie* that leave no room for explanation or discretion when applied to an open records

case. But there are many statutes that set out broad categories of records not subject to an open records request. When a custodian is faced with one of the latter statutes, he or she must state with sufficient specificity a public policy reason for refusing to release the particular record requested. *Wisconsin State Journal v. University of Wisconsin-Platteville,* 160 Wis. 2d 31, 38, 465 N.W.2d 266, 269 (Ct. App. 1990). On review, we determine whether the custodian's reasons for denial were stated with sufficient specificity and, if so, whether the public interest in confidentiality outweighs the strong public policy favoring disclosure. *Id.* at 39, 465 N.W.2d at 269.

Chvala believes that the "confidential claims information" exception of § 655.27(4)(b), STATS. is unclear, while Bubolz likens the statute to the one in *Rathie,* which allowed no discretion or interpretation on the part of the custodian. Resolution of this dispute depends upon the meaning of the statutory phrase "confidential claims information."

Chvala contends that the phrase refers to patient records, while Bubolz argues that it includes the names and records of doctors. When it is not clear whether an exception to the open records law exists, we are to construe exceptions to the open records law narrowly. In *Hathaway v. Joint School Dist. No. 1,* 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984), the supreme court said:

> Thus, the general presumption of our law is that public records shall be open to the public unless there is a clear statutory exception, unless there exists a limitation under the common law, or unless there is an overriding public interest in keeping the public record confidential.

. . . [U]nless the exception is explicit and unequivocal, it will not be held to be an exception.

We conclude that § 655.27(4)(b), STATS., is not clear, explicit and unequivocal. There is no definition of the phrase "confidential claims information." "Confidential" modifies "claims information." But we have no way to tell which claims information is confidential and which is not. Bubolz infers that all claims information is confidential. But then the word "confidential" becomes surplusage. We are to construe statutes to avoid surplusage. *NCR Corp. v. DOR*, 128 Wis. 2d 442, 456, 384 N.W.2d 355, 362 (Ct. App. 1986).

Though Bubolz disclaims reliance on WIS. ADM. CODE § INS 17.275 for his denial of Chvala's request, he asserts that the Patient's Compensation Fund, by adopting § INS 17.275, has interpreted § 655.27(4)(b), STATS., and that we should defer to that interpretation. We often defer to an agency's interpretation of a statute it is charged with administrating. *Mayville Sch. Dist. v. WERC*, 192 Wis. 2d 379, 389 n.7, 531 N.W.2d 397, 401 (Ct. App. 1995).

Bubholz's assertion again raises the issue he earlier avoided by disclaiming reliance upon WIS. ADM. CODE § INS 17.275: can an administrative agency restrict access to what would otherwise be an open record by adopting a rule which includes that restriction?

We conclude that the answer is "no." An agency cannot promulgate a rule inconsistent with an unambiguous statute. *Oneida County v. Converse,* 180 Wis. 2d 120, 125, 508 N.W.2d 416, 418 (1993). An agency may not issue a rule unless the rule is expressly or

impliedly authorized by statute. *Id.* There are no blanket exceptions to the open records law except those provided by the common law or statute. *Wisconsin Newspress, Inc. v. School Dist. of Sheboygan Falls*, 199 Wis. 2d 769, 781, 546 N.W.2d 143, 147 (1996).

The legislature has spoken clearly about Wisconsin's open record policy. Section 19.31, STATS., provides:

> In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employes who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employes whose responsibility it is to provide such information. To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

The right to inspect is found in § 19.35(1)(a), STATS:

> Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration

that there is a need to restrict public access at the time that the request to inspect or copy the record is made.

Any exception to the policy found in these two statutes is just that: an exception. An exception, by its very nature, contravenes a statute that creates public policy. Therefore, when an administrative agency purports to create an exception to §§ 19.31 and 19.35(1)(a), STATS., it is adopting a rule inconsistent with an unambiguous statute. It cannot do this. Bubolz cites no statute specifically granting the Patients Compensation Fund or the Office of the Commissioner of Insurance the power to adopt exceptions to the Wisconsin open records law.

The attorney general has considered this question. The chair of the Department of Industry, Labor and Human Relations asked whether a proposed rule prohibiting DILHR's employees from making public certain information obtained by DILHR would be valid. The attorney general replied in pertinent part:

> While the Department has rule-making authority under ch. 227, sec. 101.10(7), Stats., and, with respect to this area, sec. 111.33, Stats., its rules cannot be contrary to the provisions of secs. 19.21 and 66.77, Stats., absent specific statutory authority to the contrary. Nowhere in secs. 111.31-111.37, or in that part of ch. 101 made applicable to sec. 111.36, is there authority to adopt the rule referred to.

> There may be good reason to preclude public inspection of records and papers prior to the time notice of formal hearing under sec. 111.36, Stats., is given; however, in view of the general policy established by secs. 19.21 and 66.77, Stats., any blanket limitation on the right of public inspection . . . is for the legislature.

60 Op. Att'y Gen. 43, 47-48 (1971). We find the attorney general's reasoning persuasive.

■

Having concluded that WIS. ADM. CODE § INS 17.275 conflicts with Wisconsin's open records law and that § 655.27(4)(b), STATS., is not the "explicit and unequivocal" and "clear" statutory exemption required by *Hathaway*, 116 Wis. 2d at 397, 342 N.W.2d at 687, it follows that the reasons given by Bubolz for denying access to the records are insufficient. "If the custodian gives no reasons or gives insufficient reasons for withholding a public record, a writ of mandamus compelling the production of the records must issue." *Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 427, 279 N.W.2d 179, 184 (1979). We therefore reverse the trial court's order and remand with instructions to issue a writ of mandamus requiring production of the requested records.

*By the Court.*—Order reversed and cause remanded with directions.