OSHKOSH NORTHWESTERN COMPANY, Petitioner-Appellant,

v.

OSHKOSH LIBRARY BOARD, Respondent.

Court of Appeals

*No. 84–1220.   Argued May 28, 1985.—Decided July 17, 1985.*
(Also reported in 373 N.W.2d 459.)

For the petitioner-appellant, there were briefs by *Brady C. Williamson* and *Linda M. Clifford* of *La Follette, Sinykin, Anderson & Munson,* of Madison. Oral argument by *Brady C. Williamson.*

For the respondent, there was a brief and oral argument by *John Pence,* city attorney, of Oshkosh.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  The only issue on appeal is whether the circuit court properly refused to grant a petition for mandamus to compel disclosure of records reflecting motions and roll call votes which occurred during closed meetings of the Oshkosh Library Board.  Because the library board failed to give sufficient reasons for denying access to the requested records, we are persuaded that the circuit court erred.  We therefore reverse and remand.

The Oshkosh Library Board (board) met in closed session pursuant to sec. 19.85(1)(c), Stats.,[1] seven times from October 1981 to March 1982 to consider a "personnel matter."  The propriety of convening in closed

[1] Section 19.85(1)(c), Stats., provides in pertinent part:

A closed session may be held for any of the following purposes:

. . . .

(c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility.

session is not at issue. The Oshkosh Northwestern Company, which publishes the Oshkosh Northwestern (newspaper), requested access to any motions and roll call votes which occurred in the closed sessions. Inspection was denied and in August 1983, the newspaper filed a petition for mandamus to compel disclosure of the motions and roll call votes. The circuit court initially granted an alternative writ of mandamus, but after briefing and a hearing on December 22, 1983, the circuit court quashed the writ. The newspaper appeals.

The general rule is that public records are open to public inspection. *See* sec. 19.35, Stats. The legislature has expressly declared the policy behind the public records law:

In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employes who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employes whose responsibility it is to provide such information.

Sec. 19.31, Stats. We begin our analysis with a presumption that the public has a right to inspect public records. *Id.; Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 426, 279 N.W.2d 179, 183–84 (1979). The denial of public access is contrary to the public interest and is allowed only in an exceptional case. Sec. 19.31; *Hathaway v. Joint School District No. 1,* 116 Wis. 2d 388, 396, 342 N.W.2d 682, 686 (1984). Furthermore, exceptions to the general rule of disclosure must be narrowly construed. *Id.* at 397, 342 N.W.2d at 687.

The right of the public to inspect public records, however, is not absolute. One exception to the right of inspection is when the public interest in nondisclosure outweighs the public's right of inspection. *Id.* at 396, 342 N.W.2d at 686; *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681, 137 N.W.2d 470, 474 (1965). When faced with a demand for inspection, the custodian of the records must engage in this balancing process. *Newspapers, Inc.* at 427, 279 N.W.2d at 184. If the custodian refuses to allow inspection, the custodian must state specific policy reasons for the refusal and these reasons then provide a basis for review by a court. *Id.; Youmans* at 682, 137 N.W.2d at 475. If specific, sufficient reasons are not given, a writ of mandamus must be issued, compelling disclosure of the requested public record. *Hathaway* at 403–04, 342 N.W.2d at 690; *Beckon v. Emery,* 36 Wis. 2d 510, 518, 153 N.W.2d 501, 504 (1967). The legislature has expressly provided that motions and roll call votes are open to public inspection to the extent prescribed by the public records law. *See* sec. 19.88 (3), Stats.

Initially, the newspaper made oral requests to inspect the motions and roll call votes. The board denied inspection without giving any reason. Upon the board's denial, the newspaper initiated this mandamus action. A person who is denied access to a public record may pursue a mandamus action only if the person made a written request for inspection. *See* secs. 19.35 (1) (h) and 19.37, Stats. Here, no such written request was made until after the mandamus action was initiated. At that point, the city attorney was in possession of the records the newspaper sought to inspect. The city attorney, therefore, rather than the usual custodian of the board's records, responded to the newspaper's request for inspection.

The statute contemplates a process by which the custodian of the records either grants or denies a request for inspection. Sec. 19.35(4)(a), Stats. Where inspection is denied, it is the custodian, not the attorney representing the governmental body after a mandamus action is commenced, who must give specific and sufficient reasons for denying inspection. While the procedure under which this mandamus action arose did not strictly comply with the statute, the parties stipulated to the procedure in order to address the merits of the action. Because of the unique procedural facts of this case, we examine the sufficiency of the response given by the city attorney rather than that initially given by the board.

In a written denial of the newspaper's request for inspection, the city attorney responded that:

[T]he Library Board has denied access pursuant to Section 19.35(1)(a), Wis. Stats., in that the meetings were exempted from being public pursuant to Section 19.85 (1)(c), Wis. Stats., and that the reason for the exemption of the meeting carries over to the exemption of the records.

At the hearing on December 22, 1983, the city attorney restated the board's position "that the proper calling and holding of the Library Board meetings . . . was the rationale that was used to deny the access to the minutes of said meetings." In this context, the city attorney argued that the need to protect an individual's reputational and privacy interests was an inherent policy of sec. 19.85(1)(c), Stats. The city attorney did not, however, cite the need to protect a specific individual's reputational and privacy interests as a reason for denying access to the requested motions and roll call votes. The circuit court found that the board asserted sufficient reason for denying access.

■ This case involves the application of sec. 19.35, Stats., to an undisputed set of facts. The application of a statute to a particular set of facts presents a question of law. *Maxey v. Redevelopment Authority of Racine*, 120 Wis. 2d 13, 18, 353 N.W.2d 812, 815 (Ct. App. 1984). As such, we owe no deference to the trial court's conclusions. *First National Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Furthermore, this court is not bound by a trial court finding based on undisputed evidentiary facts when the finding is essentially a conclusion of law. *Village of Sister Bay v. Hockers*, 106 Wis. 2d 474, 479, 317 N.W.2d 505, 507 (Ct. App. 1982).

■ We reject the board's position that a meeting properly closed under one of the exemptions listed in sec. 19.85 (1), Stats., in and of itself provides sufficient reason to deny access to records generated during a closed meeting. We acknowledge that sec. 19.35(1), Stats., states that the exemptions under which a closed meeting may be held pursuant to sec. 19.85 are indicative of public policy. The statute further states, however, that where the exemptions in sec. 19.85 are used as grounds for denying access to a public record, the custodian must make "a specific demonstration that there is a need to restrict public access at the time that the request to inspect . . . is made." Sec. 19.35(1)(a). The statute contemplates, therefore, more than a mere recitation of the statute under which the meeting was closed and an assertion that the reasons for closure still exist and serve as a basis to deny public inspection. The custodian must state specific public policy reasons for the refusal. *Newspapers, Inc.* at 427, 279 N.W.2d at 184. These were not provided by the city attorney here.

The newspaper requested access only to motions and roll call votes and did not request access to the minutes or the substance of the discussions which occurred in the closed meetings. The city attorney failed to state with the requisite specificity and sufficiency the public policies which would be implicated under the particular facts of this case if access to the motions and roll call vote was granted. Section 19.85(1)(c), Stats., the exemption under which the board held the closed meetings, may be indicative of several legitimate public policies, e.g., the need to protect the reputational or privacy interest of the employee under discussion or the need to allow governmental bodies to protect themselves from potential lawsuits resulting from open discussion of sensitive information. However, it is not the trial court's nor this court's role to hypothesize the reasons for denying access or to consider reasons not asserted by the custodian. *Newspapers, Inc.* at 427, 279 N.W.2d at 184. Such duty is expressly reserved to the custodian under the statute.

Given the insufficiency of the reasons asserted for denying access, the writ of mandamus compelling disclosure must issue. *See Hathaway* at 403–04, 342 N.W.2d at 690. We reverse and remand with directions to issue a writ of mandamus compelling the Oshkosh Library Board to allow inspection of the motion and roll call vote at issue.

*By the Court.*—Order reversed and cause remanded with directions.