WISCONSIN STATE JOURNAL, and Terry Shelton,
Plaintiffs-Respondents,

v.

UNIVERSITY OF WISCONSIN-PLATTEVILLE,
and William Chmurny, Defendants-Appellants.

Court of Appeals

*No. 90-0214. Submitted on briefs June 6, 1990.—Decided
December 27, 1990.*

(Also reported in 465 N.W.2d 266.)

For the defendants-appellants the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Robert W. Larsen,* assistant attorney general.

For the plaintiffs-respondents the cause was submitted on the brief of *Michael P. May* and *Mark J. Steichen* of *Boardman, Suhr, Curry & Field* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. This is a mandamus action commenced under the Wisconsin public records law, secs. 19.31–19.39, Stats. The University of Wisconsin-Platteville and William Chmurny (defendants) appeal a trial court judgment granting a writ of mandamus compelling them to allow the Wisconsin State Journal and Terry Shelton (plaintiffs) access to documents compiled in a faculty investigation. The trial court concluded that the records custodian had not stated with sufficient specificity his reasons for denying the plaintiffs access.

We conclude the custodian stated his reasons for denial of access with the requisite specificity. We conclude, however, that the public interest in openness and full public disclosure outweighs the harm to reputation that may result from disclosure of the documents. Therefore, we affirm the trial court's judgment.

Defendants contend the trial court abused its discretion by refusing to join as parties the subjects of the investigation. Because defendants have not established the subjects of the investigation are necessary parties under sec. 803.03(1), Stats., we affirm the trial court's order denying joinder.

## BACKGROUND

In April of 1989, two faculty members sent a letter to the Institutional Ethics Committee of the University of Wisconsin-Platteville, alleging that Dean Kahtan Al Yasiri had used his influence to secure preferential treatment for his wife, Ann Al Yasiri, also a professor, in violation of the state administrative code. In May of 1989, the authors of the letter, along with a third faculty member, wrote to William Chmurny, Chancellor of UW-Platteville, requesting that he pursue their complaint. Chmurny appointed Dr. Dallas Peterson, Associate Vice-President for Academic Affairs in the UW system, to investigate the complaint. Peterson prepared a report, detailing his investigation and concluding that no evidence supported the allegations against Al Yasiri. As a result of the report, Chmurny found that the charges against Al Yasiri were without foundation.

After the report had been completed, plaintiffs requested copies of the initial complaint, supplementary pleadings and "any other copies of papers concerning the investigation." In June of 1989, Chmurny denied the request, explaining:

> We respectfully decline your request since these documents are an integral part of an investigation of charges against a specific person, which I have found to be without foundation, and if discussed in public would be likely to have a substantial adverse effect upon the reputation of such person. My denial of your request is on advice of counsel and pursuant to s. 19.85(1)(f), Wis. Stats.

Plaintiffs then commenced this action to compel Chmurny to provide access to the requested documents. Defendants sought an order of joinder of the Al Yasiris as parties to the action.

After a hearing, the trial court denied defendants' motion to join the Al Yasiris. The court then allowed plaintiffs' counsel to view the investigatory file, viewed the file *in camera,* and heard arguments. The trial court concluded that Chmurny's explanation failed to state with sufficient specificity why the documents should be exempt from disclosure and therefore granted mandamus. Defendants appeal.

## STANDARD OF REVIEW

■This case involves the application of sec. 19.35, Stats., to an undisputed set of facts. The application of a statute to a particular set of facts presents a question of law. *Oshkosh Northwestern Co. v. Oshkosh Library Bd.,* 125 Wis. 2d 480, 485, 373 N.W.2d 459, 462 (Ct. App. 1985). As such, we are not bound by the trial court's conclusions and review the matter *de novo. First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

## PUBLIC RECORDS LAW

■Defendants concede that the documents compiled in the investigation are "public records." Public records are generally open to public inspection. *See* sec. 19.35, Stats. There is a legislatively presumed interest in exposure of public records to full public scrutiny. *Milwaukee Journal v. Call,* 153 Wis. 2d 313, 322, 450 N.W.2d 515, 518 (Ct. App. 1989). Section 19.31, Stats., states in part:

> [I]t is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employes who

represent them . . .. *To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access,* consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied. [Emphasis added.]

However, sec. 19.35(1)(a), Stats., provides in part:

*The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy,* but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made. [Emphasis added.][1]

Section 19.85(1)(f), Stats., authorizes closed meetings for:

Considering financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems or the investigation of charges against specific persons except where par. (b) applies which, if discussed in public, would be likely to have a substantial

[1]Prior to the enactment of sec. 19.35(1)(a), Stats., of the public records law, the supreme court in *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 137 N.W.2d 470 (1965), acknowledged that the legislative policy in the open meetings law of not disclosing "[f]inancial, medical, social or personal histories and disciplinary data which may unduly damage reputations" carries over to inspection of public records and documents. *Id.* at 684–85, 137 N.W.2d at 476 (quoting sec. 14.90(3)(e), Stats. (1963) [now, as amended sec. 19.85(1)(f), Stats.]); *see* Comment, *The Wisconsin Public Records Law,* 67 Marq. L. Rev. 65, 81 (1983).

adverse effect upon the reputation of any person referred to in such histories of data, or involved in such problems or investigations.

We begin our analysis by examining whether the meetings held pursuant to the investigation of Al Yasiri were properly closed under sec. 19.85(1)(f), Stats. The meetings were held as a result of allegations that a faculty member had violated that state administrative code. As such, the meetings were an "investigation of charges against [a] specific person[]." Sec. 19.85(1)(f).

The specific allegation, nepotism in violation of the state administrative code, if discussed in public, would have a substantial adverse effect on Al Yasiri's reputation. We conclude the trial court properly found that meetings held pursuant to the investigation could be convened in closed session under sec. 19.85(1)(f), Stats.

This conclusion, however, does not end our inquiry. It does not follow that, simply because meetings were properly closed under sec. 19.85(1)(f), Stats., documents compiled in conjunction with those meetings are exempt from disclosure under sec. 19.35(1). Rather, sec. 19.35(1) contemplates:

> [M]ore than a mere recognition of the statute under which the meeting was closed and an assertion that the reasons for closure still exist and serve as a basis to deny public inspection. The custodian must state specific public policy reasons for the refusal.

*Oshkosh Northwestern Co.,* 125 Wis. 2d at 485, 373 N.W.2d at 462.

A party resisting inspection of public records must state with sufficient specificity a public policy reason for the refusal. *Journal/Sentinel, Inc. v. Aagerup,* 145 Wis.

38

2d 818, 822, 429 N.W.2d 772, 774 (Ct. App. 1988). The specificity requirement is not met by a mere citation to the exemption statute nor by a bald assertion that the release is not in the public interest. *Id.* at 823, 429 N.W.2d at 774. On review, we determine whether the custodian's reasons for denial were stated with the requisite specificity and, if so, whether the public interest in confidentiality outweighs the strong public policy favoring disclosure. *See Milwaukee Journal,* 153 Wis. 2d at 317, 450 N.W.2d at 516.

Citing sec. 19.85(1)(f), Stats., the custodian stated that if the documents were discussed in public, they would "be likely to have a substantial adverse effect upon the reputation of [Al Yasiri]."

To demand that the custodian provide additional justification for his denial would also require that he divulge the *reasons* that the documents would have a substantial adverse effect on Al Yasiri's reputation. This would require detailing the contents of the documents sought to be protected from disclosure. This requirement would eliminate the protection afforded the documents by virtue of being exempted from the public records law. We conclude the custodian's letter of denial states with sufficient specificity the reasons for denial.[2]

---

[2]Our conclusion is consistent with *Oshkosh Northwestern Co. v. Oshkosh Library Bd.,* 125 Wis. 2d 480, 373 N.W.2d 459 (Ct. App. 1985), relied on by plaintiffs. In that case, a library board met repeatedly in closed session pursuant to sec. 19.85(1)(c), Stats., to consider a "personnel matter." *Id.* at 481, 373 N.W.2d at 461. The custodian denied access to the records of the meetings, stating that they "were exempted from being public pursuant to Section 19.85(1)(c), Wis. Stats., and that the reason for the exemption of the meeting carries over to the exemption of the records." *Id.* at 484, 373 N.W.2d at 462. The court concluded the

Because we conclude that the custodian stated the reasons for nondisclosure with sufficient specificity, we must decide whether the harmful effect on the public interest in disclosing the documents outweighs the public interest in inspection. *Youmans,* 28 Wis. 2d at 681, 137 N.W.2d at 474; *Rathie v. Northeastern Wisconsin Technical Inst.,* 142 Wis. 2d 685, 690, 419 N.W.2d 296, 299 (Ct. App. 1987). This is a question of law, which we independently determine. *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 427, 279 N.W.2d 179, 184 (1979).

Referring to sec. 14.90(3)(e), Stats. (1963), a predecessor of sec. 19.85(1)(f), Stats., the court in *Youmans* stated:

> As applied to inspection [sec. 14.90(3)(e)] does not bar all inspection of public records and documents that might damage reputations, but requires a balancing of the interest of the public to be informed on public matters against the harm to reputation which would likely result from permitting inspection.

*Id.* at 685, 137 N.W.2d at 476.[3]

---

custodian's explanation was not sufficiently specific. *Id.* at 485–86, 373 N.W.2d at 462–63.

*Oshkosh Northwestern Co.* involved sec. 19.85(1)(c), Stats., rather than sec. 19.85(1)(f). Section 19.85(1)(c) allows a closed session for considering "employment, promotion, compensation or performance evaluation data of any public employe . . .." A custodian invoking sec. 19.85(1)(c) has greater freedom to describe the character of the closed meetings without divulging the information sought to be kept secret than one invoking sec. 19.85(1)(f).

[3]Section 14.90(3)(e), Stats. (1963), referred to in *Youmans,* allowed a closed session for purposes of considering "[f]inancial, medical, social or personal histories and disciplinary data which *may unduly* damage reputations." (Emphasis added.) As

■There is a public-policy interest in protecting the reputations of citizens. *Breier,* 89 Wis. 2d at 430, 279 N.W.2d at 185; *Youmans,* 28 Wis. 2d at 684–85, 137 N.W.2d at 476. We recognize the public interest in conducting closed meetings to investigate allegations of misconduct against specific persons which, if discussed in public, would be likely to have a substantial adverse effect upon their reputation. Sec. 19.85(1)(f), Stats. There may be instances where the public interest in maintaining the confidentiality of documents compiled in conjunction with an investigation of a specific person outweighs the public interest in openness and public scrutiny.

This is not such a case. Al Yasiri is a university official subject to close public scrutiny. By accepting appointment as dean of a department of a state university, Al Yasiri voluntarily took a position of public prominence. He has, for the most part, relinquished his right to keep confidential activities directly related to his employment. *State ex rel. Bilder v. Township of Delavan,* 112 Wis. 2d 539, 557, 334 N.W.2d 252, 261–62 (1983). He has little reasonable expectation of privacy regarding his professional conduct.

---

amended, sec. 19.85(1)(f), Stats., currently allows a closed session when considering:

> [F]inancial, medical, social or personal histories or disciplinary data of specific persons . . . or the investigation of charges against specific persons . . . which, if discussed in public, *would be likely to have a substantial adverse effect* upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations. [Emphasis added.]

The current version requires a greater showing of likelihood of damage to reputation than its predecessor.

In addition, the dangers of harm to reputation which might have justified nondisclosure *during* an investigation are no longer present once the investigation is complete. While an investigation is continuing, the subject may suffer adverse reputational harm, whether warranted or not, simply because of the stigma that attaches as a result of being the "subject of investigation."

Once the investigation is complete, however, the danger of warrantless harm to reputation is reduced. The investigation of Al Yasiri is complete. The chancellor has concluded the charges have no foundation.

■

We conclude the public interest in disclosure of the documents outweighs the possibility of harm to the reputation of Al Yasiri. We therefore affirm the trial court's judgment compelling disclosure.

## JOINDER OF A THIRD PARTY

Defendants contend the trial court abused its discretion by failing to join the Al Yasiris as parties pursuant to sec. 803.03(1), Stats. Section 803.03(1) is the necessary parties provision of the Rules of Civil Procedure and provides:

> A person who is subject to service of process shall be joined as a party in the action if:
> (a) In the person's absence complete relief cannot be accorded among those already parties; or
> (b) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> > 1. As a practical matter impair or impede the person's ability to protect that interest; or

42

2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

Although defendants suggest that the "circumstances mandat[e] the joinder of the Al Yasiris under all the provisions of sec. 803.03(1), Stats.," they do not specify under which of the above subsections the Al Yasiris qualify for joinder. The crux of defendants' arguments is that, because the Al Yasiris have filed a notice of claim against defendants, failure to join the Al Yasiris would produce an irreconcilable conflict of interest.

We believe sec. 803.03(1), Stats., does not require joinder because defendants have not shown the Al Yasiris to be necessary parties under either 803.03(1)(a) or (b). Plaintiffs seek only a writ of mandamus to compel disclosure. As such, complete relief can be afforded without the addition of the Al Yasiris as parties. *See* sec. 803.03(1)(a). In addition, the Al Yasiris have no legal interest in this action. *See* sec. 803.03(1)(b). Only the records custodian, not individuals who are the subjects of public records, may seek to prevent inspection. *State ex rel. Bilder,* 112 Wis. 2d at 558, 334 N.W.2d at 262. In *Bilder,* the court stated:

> The legislature has provided that the governmental unit, not the individual, has the power to open or close meetings and it is the legal custodian of the record, not the citizen, who has the right to have the record closed if the custodian makes a specific demonstration that there is a need to restrict public access at the time the request is made.

43

*Id.* We conclude the trial court did not abuse its discretion by refusing to join the Al Yasiris as necessary parties under sec. 803.03(1), Stats.

*By the Court.*—Judgment and order affirmed.